UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MELISSA WEATHERSBY,<br>    *Plaintiff* | §<br>§<br>§ | |
| v. | § | Case No. 5:24-CV-01422-XR |
| | § | |
| ALAMO COMMUNITY COLLEGES<br>DISTRICT,<br>    *Defendant* | §<br>§<br>§<br>§ | |

**JOINT FED. R. CIV. P. 26 REPORT**

1. **Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction, do the parties agree that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.**

    The parties agree that there are no outstanding jurisdictional issues.

2. **Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?**

    All parties have been served.

3. **What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?**

    <u>Causes of action pled:</u>

    1. Sex discrimination – brought under Title VII of the Civil Rights Act of 1964 and the Texas Commission on Human Rights Act (Chapter 51 of the Texas Labor Code).
    2. Retaliation for reporting sex discrimination – brought under Title VII and the Texas Commission on Human Rights Act.
    3. Race discrimination – brought under Title VII and the Texas Labor Code.
    4. Retaliation for engaging protected conduct based on race – brought under Title VII and the Texas Labor Code.
    5. Violations of the Equal Pay Act and Tex. Gov't Code Section 659.001.

    <u>Counterclaims:</u>  No counterclaims asserted.

    <u>Defenses:</u>  Defendant believes the following defenses depend on legal and factual issues to be determined and do not have elements to be listed.

1. This case must proceed under Title VII of the Civil Rights Act of 1964 as amended since it has been filed on the basis of a federal question.

2. Plaintiff's claims are barred by limitations and the failure to exhaust administrative remedies to the extent that those claims are based on conduct that occurred more than 180 days prior to the filing of Plaintiff's January 3, 2024, charge of discrimination with the Texas Workforce Commission ("TWC") and the Equal Employment Opportunity Commission ("EEOC).

3. All claims brought by Plaintiff in this lawsuit that are outside the scope and contents of Plaintiff's January 3, 2024 charge of discrimination or outside the scope of any investigation by the EEOC or TWC or that were not asserted by Plaintiff or investigated by the EEOC or TWC are barred by limitations and the failure to exhaust administrative remedies.

4. Plaintiff's claims under the Equal Pay Act are barred by limitations.

5. Plaintiff was not an employee of the State of Texas or a state agency. Texas Government Code §659.001 does not apply to this case, and Plaintiff's claims are barred by limitations.

6. Plaintiff's claim for and recovery of back pay or lost wages are barred by any failure to mitigate damages. Plaintiff has failed to mitigate damages by refusing an offer to continue employment. Any claim or award for back pay or lost wages must be reduced by amounts earned by Plaintiff.

7. Defendant's actions are legitimate and non-discriminatory, consistent with policies and business necessity, without regard to Plaintiff's membership in any protected class or status.

8. At all times, Defendant acted in good faith.

9. Plaintiff is not entitled to recover for lost wages or compensatory damages.

10. Plaintiff failed to engage in protected activity. To the extent Plaintiff engaged in protected activity, there is no causal connection between Plaintiff's protected activity and the actions of ACCD about which Plaintiff complains.

11. ACCD is not responsible or liable for the conduct or actions of a student as alleged.

12. Plaintiff's alleged damages for mental anguish and inconvenience, if any, resulted in whole or in part from her conduct, unreasonable reactions or perceptions, and/or acts or events that are unrelated to Defendant's conduct or actions, if any.

13. Plaintiff's recovery of compensatory damages, if any, may not exceed the applicable caps provided in TEX. LAB. CODE § 21.2585 or 42 U.S.C. § 1981a.

297703800.2

14. Plaintiff's claims for compensatory and other damages and relief are subject to all applicable statutory and constitutional caps and limitations, including, but not limited to, Chapter 41 of the Texas Civil Practice and Remedies Code.

15. Plaintiff has not satisfied all conditions precedent. Plaintiff's claims are barred to the extent she has failed to satisfy all conditions precedent or statutory prerequisites required by applicable law.

4. **Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?**

The parties are not aware of any agreements or stipulations that may be made at this time about any facts or elements of a cause of action in this case.

5. **State the parties' views and proposals on all items identified in Fed. R. Civ. P. 26(f)(3).**

The parties agree to the proposal that the parties exchange initial disclosures by May 31, 2025. Discovery will be needed on the factual basis for Plaintiff's claims and Defendant's defenses as well as the amount of Plaintiff's claimed damages. Defendant believes this case does not require phases of discovery and proposes January 19, 2026 as the date for completion of discovery. Defendant does not anticipate issues or disputes regarding the disclosure, discovery, or preservation of electronically stored information or the form in which it will be produced. Defendant does not anticipate issues or disputes regarding privilege assertions and does not believe an order under Federal Rule of Evidence 502 is necessary in this case. Defendant does not believe this case requires additional limitations on discovery outside of those provided in the Federal Rules of Civil Procedure and the local rules. Defendant does not anticipate the need for a protective order based on the anticipated topics for discovery. Defendant request the Court enter the proposed agreed scheduling order submitted by the parties and set the case for trial on April 27, 2026.

6. **What, if any, discovery has been completed?  What discovery remains to be done? Have the parties considered conducting discovery in phases?**

The parties have not completed any discovery. The parties agree that this case does not require phases for discovery.

7. **What, if any, discovery disputes exist?**

No discovery disputes exist.

8. **Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?**

The parties have not discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502. However, there are unlikely to be privilege issues during discovery due to the nature of the case.

297703800.2

**9.**     **Have the parties discussed mediation?**

The parties have not discussed mediation.

| | |
|---|---|
| April 25, 2025 | Respectfully submitted, |
| PONCIO LAW OFFICES | NORTON ROSE FULBRIGHT US LLP |
| */s/ Adam Poncio* | */s/ Mario A. Barrera* |
| Adam Poncio | Mario A. Barrera |
| State Bar No. 16109800 | State Bar No. 01805915 |
| aponcio@ponciolaw.com | mario.barrera@nortonrosefulbright.com |
| Alan Braun | Hannah Hylbert |
| State Bar No. 24054488 | State Bar No. 24125790 |
| abraun@ponciolaw.com | hannah.hylbert@nortonrosefulbright.com |
| 5410 Fredericksburg Rd., Suite 310 | Frost Tower |
| San Antonio, Texas 78229 | 111 W. Houston Street, Suite 1800 |
| Telephone No. (210) 212-7979 | San Antonio, Texas 78205 |
| Telecopier No. (210) 212-5880 | Telephone: (210) 224-5575 |
| | Telecopier: (210) 270-7205 |
| ATTORNEY FOR PLAINTIFF | ATTORNEYS FOR DEFENDANT |

**CERTIFICATE OF SERVICE**

I hereby certify that on this, the 25th day of April, 2025, I electronically filed the foregoing instrument with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Adam Poncio
Alan Braun
PONCIO LAW OFFICES
5410 Fredericksburg Rd., Suite 310
San Antonio, Texas 78229

                                               */s/ Mario A. Barrera*
                                               Mario A. Barrera

297703800.2